PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH PUND, *et al.*, | ) | |
| | ) | CASE NO. 1:16cv1076 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CITY OF BEDFORD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **ORDER** [Resolving ECF No. 10] |

Pending before the Court is the Parties' May 12, 2016 Joint Motion requesting that the

Court issue an order (1) preliminarily enjoining the City of Bedford's Point of Sale Inspection

Requirements; and (2) consolidating Plaintiffs' request for preliminary relief with the trial on the

merits as to declaratory and injunctive relief only, and set a briefing schedule accordingly.  ECF

No. 10.  For good cause shown, the motion is granted.

**Scope of Preliminary Injunction**

The scope of the requested and granted injunctive relief shall be consistent with the Fifth

and Sixth Prayers for Relief enumerated in Plaintiffs' May 4, 2016 Verified Complaint, which, in

sequence, request as follows:

Enjoin Defendants from directly enforcing the warrantless Point of Sale search

Enjoin Defendants from indirectly enforcing the warrantless Point of Sale search
requirement by criminally prosecuting Plaintiffs, stripping them of the right to
occupy or rent their property, or otherwise

ECF No. 1 at PageID #: 18–19.  Accordingly, the City of Bedford Point of Sale Inspections and

(1:16cv1076)

mandatory inspection fees are enjoined, and this injunction shall remain in effect until further

Order of the Court.

Plaintiffs and Defendants jointly posit, and the Court agrees, that, by operation of City of

Bedford ("City") municipal ordinances, the term "Point of Sale Inspections" excludes the

following:

(1) **City inspections conducted after the City has obtained the knowing and**

**voluntary consent of the owner and/or occupant of the residence subject to inspection**.

Such consent shall be deemed "knowing and voluntary" so long as owners and occupants are

apprised that (a) the Point of Sale Inspection Requirements have been enjoined by the Court; (b)

the Inspection Requirements are entirely voluntary; (c) no adverse action shall be taken against

those who decline an inspection, and this shall be the case even if the Court later decides the

ultimate issues in the City's favor and lifts the injunction.

(2) **City inspections conducted in response to genuine emergency**.  "Emergency" shall

not be construed to embrace routine inspections such as those previously conducted simply

because a residence is for sale.

(3) **City inspections conducted with a warrant**.  The City shall not seek or obtain a

warrant solely on the basis that an owner or occupant has failed to provide consent to a Point of

Sale Inspection, or otherwise without probable cause.

(4) **Observations of code violations within plain view of City officials**.  Further, this

Order does not enjoin any activity conducted pursuant to a Point of Sale Inspection that has

already occurred prior to date of this Order.

2

(1:16cv1076)

In conclusion, all City of Bedford Point of Sale Inspections are hereby temporarily

enjoined.  The City is further temporarily enjoined from imposing its Point of Sale Inspection Fee

on any homeowner or occupant, unless that homeowner or occupant provides knowing and

voluntary consent to an inspection in conjunction with the sale of his or her property.  The City is

temporarily enjoined from proactively contacting any homeowner to schedule a Point of Sale

Inspection.  Should any homeowner contact the City, the City is ordered to communicate the

substance of the Court's Preliminary Injunction to that homeowner.  In all other scenarios, the

City remains free to solicit consent to conduct an inspection in conjunction with the sale of a

home.

### Consolidation of Briefing Schedule

Plaintiffs and Defendants jointly move to consolidate Plaintiffs' request for injunctive

relief with the trial on the merits, as to Plaintiffs claims for permanent declaratory and injunctive

relief.  Federal Rule of Civil Procedure 65(a)(2) states, in pertinent part, that "[b]efore or after

beginning the hearing on a motion for a preliminary injunction, the court may advance the trial

on the merits and consolidate it with the hearing."  "The manifest purpose and proper application

of the rule is to conserve the time and resources of the court and of litigants where, in an action

whose only ultimate objective is a permanent injunction, the same evidence will be applicable in

both the preliminary and merit stages of the cause." *Hershhorn v. Viereck*, 500 N.E.2d 379, 381

(Ohio Ct. App. 1985) (citing McCormac, Ohio Civil Rules Practice (1970) 350, Section 14.10).

"The rule is not intended to permit a trial court to advance, consolidate, and try claims and issues

that differ from those which are unique to the application for a preliminary injunction." *Id.*  This

3

(1:16cv1076)

overriding purpose is perfectly consistent with the parties' request here.  The primary and initial

issue presented by this case is whether, on its face, the City's Point of Sale Inspection

Requirements survive Fourth, Fifth, and Fourteenth Amendment scrutiny.  The issue is purely a

matter of law.

Consequently, it is ordered that the First, Second, Fifth and Sixth Prayers for Relief

enumerated in Plaintiffs' May 4, 2016 Verified Complaint shall be heard on the merits forthwith.

Accordingly, it is ordered that Plaintiffs' Motion for Preliminary Injunction (ECF No. 4) shall be

converted to and treated as a Motion for Permanent Injunction.  Defendants shall file any

memorandum responding to the arguments and evidence presented in the foregoing Motion no

later than June 30, 2016.  Plaintiffs shall file any reply memorandum and further evidence no

later than July 29, 2016.  Plaintiffs' claims for declaratory and injunctive relief shall be deemed

fully submitted to the Court upon the filing of their reply memorandum.  The Court will

determine at that time whether a hearing to entertain arguments and question counsel will be

necessary or helpful.  Recognizing the dispositive nature of the parties' forthcoming briefings

and the complex nature of the case, the Court enlarges the page limitations for each forthcoming

memorandum to thirty (30) pages.

Finally, the Court bifurcates and holds in abeyance all issues not specified above,

including but not limited to those related to individual liability, restitution, nominal damages, and

attorneys fees.

The Court orders each of the foregoing in reliance upon the parties' affirmation that there

are at this time no genuine disputes as to any of the material facts pled in Plaintiffs' May 4, 2016

(1:16cv1076)

Verified Complaint.

The hearing scheduled for May 13, 2016 at 9:30 a.m. in Courtroom No. 351 before Judge

Benita Y. Pearson is hereby cancelled.


　　　　IT IS SO ORDERED.


　May 12, 2016　　　　　　　　　　　　　　/s/ Benita Y. Pearson
Date　　　　　　　　　　　　　　　　　　Benita Y. Pearson
　　　　　　　　　　　　　　　　　　　　United States District Judge