STATE OF OHIO )
) SS.    AFFIDAVIT OF MICHAEL S. MALLIS
COUNTY OF CUYAHOGA )

I, MICHAEL S. MALLIS, having been first duly sworn, depose and state as follows:

1. I am the City Manager for the City of Bedford, Ohio and have served in this capacity since May 19, 2014. I worked for the City of Bedford for over 15 years prior to serving as City Manager.

2. In my role as City Manager and in previous roles, I have become familiar with the pre-sale inspection program contained in Sections 1311.18 through 1311.22 of the Codified Ordinances of Bedford, Ohio.

3. The pre-sale inspection program is a vital tool used to maintain the health, safety and welfare of the citizens of Bedford, Ohio, by maintaining good standards in the housing stock for the City of Bedford, Ohio.

4. The City of Bedford, Ohio is a inner-ring suburb of Cleveland, and its housing stock is much older than other communities in the Greater Cleveland area.

5. The City of Bedford, Ohio was struck hard by the foreclosure crisis and recession in 2008. Property values drastically declined; and as a result of foreclosures, many homes in Bedford became vacant or were abandoned.

6. In recent years, Bedford has seen a slight increase in the overall property values throughout the city.

7. Being familiar with the pre-sale inspection program, I know of no criminal prosecutions related to the inspection program, either for failing to consent or allow for an inspection or as a result of inspections.

8. Prior to the receipt of the Complaint filed by Plaintiffs in the action titled *Pund, et al. v. City of Bedford, et al.* (Case No. 16-CV-1076) its officials had no complaints regarding the consentual or warrantless search utilized to conduct the pre-sale inspections. The lawsuit was the City's first notice of any such issue. No letters or other communications concerning the issues raised in the Complaint were received from Plaintiffs or Plaintiffs' counsel prior to this time.

9. On August 1, 2016, the City of Bedford's City Council took action to change its pre-sale inspection program. Council passed Ordinance No. 9411-16, which amended Section 1311.18 of the Building Code of the City of Bedford, Ohio, a copy of which is attached to this Affidavit as Exhibit 1. This Ordinance was passed on an emergency basis.



EXHIBIT A

FURTHER AFFIANT SAYETH NAUGHT.

_____
MICHAEL S. MALLIS

SWORN TO BEFORE ME and subscribed in my presence this 5th day of August, 2016.

_____
NOTARY PUBLIC

MICHELLE A. HOLLO
Notary Public - State of Ohio
My Commission Expires
February 10, 2018

CITY OF BEDFORD, OHIO

ORDINANCE NO. 9411-16
Amended

AN ORDINANCE AMENDING SECTION 1311.18 OF THE BUILDING CODE ENTITLED "CERTIFICATE TO BE FURNISHED BY SELLER" OF THE CITY OF BEDFORD, OHIO AND DECLARING AN EMERGENCY

WHEREAS, the city has operated a successful pre-sale inspection program, whereby sellers of real estate undergo a code compliance inspection, correct any noted defects, and obtain a certificate of inspection for their buyers; and

WHEREAS, an issue has arisen concerning the constitutionality of the pre-sale inspection program due to a lack of procedure for obtaining administrative search warrants in certain cases and that one could be criminally punished for exercising rights under the United States Constitution; and

WHEREAS, on advice of legal counsel, Council believes that it is in the city's best interest, and beneficial to the public health, safety and welfare, to repeal the existing pre-sale inspection ordinance and enact a replacement, so as to include an administrative search warrant procedure and to clarify that exercising one's rights does not constitute an unlawful act.

NOW, THEREFORE,

BE IT ORDAINED by the Council of the City of Bedford, County of Cuyahoga and State of Ohio:

Section 1.     Section 1311.18 of the Building Code which previously read as follows:

**1311.18 CERTIFICATE TO BE FURNISHED BY SELLER.**

No person shall sell or enter into an agreement to sell or convey by land contract or otherwise, any interest in any dwelling, building or structure as defined in the Zoning Code without furnishing the buyer, prior to such sale, a current Certificate of Inspection setting forth the authorized use of the dwelling, building or structure under the ordinances of the city and listing any code violations; and, when code violations still remain outstanding at the time of delivery of possession or transfer of title, an escrow shall be established, and there shall be deposited in that escrow both a statement from the buyer acknowledging receipt of the Certificate and an amount of money equal to 150% of the value of the work required to bring into compliance with city ordinances and codes all outstanding violations. However, a statement signed by both the seller and the buyer stating that the premises are undeveloped and contain no dwelling, building or structure may be deposited in escrow in lieu of documents and/or funds required herein. (Ord. 7215-00. Passed 3-6-00.)

**BE AND THE SAME IN HEREBY AMENDED TO READ AS FOLLOWS:**

**1311.18 CERTIFICATE TO BE FURNISHED BY SELLER.**

(a)     No person shall sell or enter into an agreement to sell or convey by land contract or otherwise, any interest in any dwelling, building or structure as defined in the Zoning Code without

EXHIBIT 1

Case: 1:16-cv-01076-BYP  Doc #: 17-1  Filed: 08/05/16  4 of 6.  PageID #: 114

City of Bedford, Ohio
Ordinance No. 9411-16
Page 2

furnishing the buyer, prior to such sale, a current Certificate of Inspection setting forth the authorized use of the dwelling, building or structure under the ordinances of the city and listing any code violations; and, when code violations still remain outstanding at the time of delivery of possession or transfer of title, an escrow shall be established, and there shall be deposited in that escrow both a statement from the buyer acknowledging receipt of the Certificate and an amount of money equal to **100%** of the value of the work required to bring into compliance with city ordinances and codes all outstanding violations, performance bond, or an amount authorized by the City Manager & the Building Commissioner. However, a statement signed by both the seller and the buyer stating that the premises are undeveloped and contain no dwelling, building or structure may be deposited in escrow in lieu of documents and/or funds required herein.

(b)  It shall be unlawful for the owner of any real estate premises to transfer legal or equitable ownership of that premises ("title") without having obtained a pre-sale inspection of it under this code. This inspection will enable the code official to work toward accomplishing the purposes of this code by listing any repairs or other work necessary to eliminate any unsafe or hazardous conditions, to comply with applicable requirements of the Building Code, Fire Code, Zoning Code and other ordinances, and also to correct any unlawful nuisance conditions in the form of violations of this Property Maintenance Code. Such an inspection and list shall be part of the process of issuing the required certificate of occupancy.

(c)  Application for a pre-sale inspection shall be made on such form and in such manner as may be prescribed from time to time by the code official. The city may charge a fee for this service as provided for under Section 1311.22.

(d)  Within 30 days after application was made for a pre-sale inspection, the code official shall have completed the inspection, compiled a list of any items to be brought into compliance with this code and applicable provisions of the Building Code, Fire Code, Zoning Code and other ordinances, and shall have issued a violation letter to the owner or lienholder of a premises. This period of time may be extended by the code official if a delay is caused by any matter beyond the reasonable control of that official.

(e)  A certificate of inspection shall be valid for one year after the violations have been corrected to the satisfaction of the code official or until 60 days after the premises may be transferred to a new owner or tenant, whichever occurs sooner.

(f)  If the owner, occupant, or agent thereof does not consent to the proposed inspection, the code official may appear before any judge in a court of competent jurisdiction and seek an administrative search warrant to allow an inspection. Any such application shall be made within ten (10) calendar days after the nonconsent. The application for the warrant shall specify the basis upon which the warrant is being sought and shall include a statement that the inspection will be limited to a determination whether there are violations of the code provisions identified in this section. The court may consider any of the following factors along with such other matters as it deems pertinent in its decision as to whether a warrant shall issue:

    1. Eyewitness account of violation;
    2. Citizen complaints;
    3. Tenant complaints;
    4. Plain view violations;
    5. Violations apparent from city records;
    6. Property deterioration;
    7. Age of property;
    8. Nature of alleged violation;

City of Bedford, Ohio
Ordinance No. 9411-16
Page 3

9. Condition of similar properties in the area;
10. Documented violations on similar properties in the area;
11. Passage of time since last inspection;
12. Previous violations on the property.

If a warrant is issued, no owner, occupant, or agent thereof shall fail or neglect, upon presentation of a warrant, to properly permit entry therein by the code official or his/her duly authorized designee for the purpose of inspection and examination pursuant to this section and consistent with the terms of the warrant. If the court declines to issue a warrant, or if no warrant is sought, the inspection shall still take place but the scope thereof shall be limited to such areas as are in plain view. A limited-scope inspection conducted pursuant to this paragraph shall be considered an "inspection" for purposes of Chapter 1311 and all other provisions of Title 3 pertaining to the pre-sale inspection program set forth in this section. No criminal penalty shall attach, nor shall any certificate of occupancy be denied, solely by reason of the owner's, occupants, or agent's refusal to consent to a full inspection.

A certificate of inspection signed by the code official shall be evidence that the premises complies with the requirements of this code and all other applicable ordinances, provided however, that if a limited-scope inspection is conducted pursuant to subsection F above, the certificate of occupancy shall note that fact and shall not constitute evidence of code compliance as to any uninspected portions of the premises. If the inspection disclosed aspects of the property not in compliance, the certificate shall be merely a conditional certificate of inspection. The condition shall be that the defective aspects of the premises must be brought into compliance with this code within such reasonable length of time as may be set forth in the certificate.

Such a conditional certificate shall be deemed to be a notice under Section 1311.18 that the premises and its owners are in violation of this code or other applicable ordinances and that the unsafe, hazardous, or unlawful conditions must be corrected. The certificate shall constitute a notice, as referred to in Chapter 1311 and its subparts, and shall include all matters required by that section.

Section 2. Existing Section 1311.18 "Certificate to be Furnished by Seller" of the Bedford Property Maintenance Code shall be and is hereby repealed and amended accordingly.

Section 3. Amended Section 1311.18 Certificate to be furnished of the Bedford Property Maintenance Code, is hereby enacted and the same shall be codified as set forth above.

Section 4. It is hereby found and determined that all formal actions of this Council concerning and relating to the passage of this ordinance were adopted in an open meeting of this Council and that all deliberations of this Council and of any of its committees that resulted in such formal action were in compliance with all legal requirements including §121.22, Ohio Revised Code.

Section 5. This Ordinance is hereby declared to be an emergency measure and as such shall take effect immediately, on the basis that doing so is necessary to assist in resolving the ongoing issue described above and on the basis of preservation of the public peace, health, safety and welfare.

WHEREAS, this Ordinance shall be in full force and effect immediately upon its passage.

City of Bedford, Ohio
Ordinance No. 9411-16
Page 4

_____
Mayor – President of Council

_____
Clerk of Council

Prepared and approved as to legal content by: _____
John J. Montello, Law Director

PASSED:  August 1, 2016