UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH PUND, *et al.* | : | Case No. 1:16-CV-01076 |
| | : | |
| **Plaintiffs,** | : | Judge Benita Y. Pearson |
| | : | |
| v. | : | JOINT ANSWER OF DEFENDANTS |
| | : | CITY OF BEDFORD, OHIO, ROB |
| CITY OF BEDFORD, OHIO, *et al.* | : | BROWN, AND RICHARD |
| | : | HICKMAN |
| **Defendants.** | : | |

Now come Defendants, City of Bedford, Ohio, Rob Brown, and Richard Hickman (collectively, "Defendants"), by and through undersigned counsel, and for their Joint Answer to the Plaintiffs' First Amended Complaint, state as follows:

FIRST AFFIRMATIVE DEFENSE

1) Defendants deny the allegations contained in Paragraphs 1 through 4 of the Amended Complaint.

2) For the purpose of responding to Paragraph 5 of the Amended Complaint, Defendants acknowledge Exhibits A, B, C, and D, as attached in Plaintiffs' original Complaint, are incorporated as part of the Amended Complaint.

3) Defendants are without knowledge sufficient to form an opinion as to the truth of the allegations contained in Paragraphs 6 through11 of the Amended Complaint.

4) Defendants admit that point of sale inspections were performed at Plaintiff Diezic's houses at 261 Columbus Road and 56 Charles Street, but Defendants deny the remaining allegations contained in Paragraph 12 of the Amended Complaint.

5) Defendants admit the allegations contained in Paragraph 13 of the Amended Complaint.

6) Defendants are without knowledge sufficient to form an opinion as to the veracity of the allegations contained in Paragraph 14 of the Amended Complaint.

7) Defendants admit that a point of sale inspection was performed at Plaintiffs Scott and Stephanie Jowers' house on April 24, 2015, but Defendants deny the remaining allegations contained in Paragraph 15 of the Amended Complaint.

8) Defendants are without knowledge sufficient to form an opinion as to the veracity of the allegations contained in Paragraph 16 of the Amended Complaint.

9) Defendants deny the allegations contained in Paragraphs 17 and 18 of the Amended Complaint.

10) Defendants admit the allegations contained in Paragraph 19 of the Amended Complaint.

11) Defendants deny the allegations contained in Paragraphs 20 through 23 of the Amended Complaint.

12) Defendants admit the allegations contained in Paragraph 24 of the Amended Complaint.

13) Defendants admit that Defendant Brown conducts points of sale inspections as part of his official duties and responsibilities for Defendant City of Bedford, but denies the remaining allegations in Paragraph 25 of the Amended Complaint.

14) Defendants deny the allegations contained in Paragraphs 26 and 27 of the Amended Complaint.

15) Defendants admit Richard Hickman is an employee of the City of Bedford but deny all remaining allegations contained in Paragraph 28 of the Amended Complaint.

16) Defendants deny the allegations contained in Paragraphs 29 and 30 of the Amended Complaint.

17) Defendants admit the performance of inspections, pursuant to the City of Bedford's Rental Inspection ordinance, at houses owned by Plaintiff Kenneth Pund, but deny the remaining allegations contained in Paragraph 31 of the Amended Complaint.

18) Defendants deny the allegations contained in Paragraphs 32 through 34 of the Amended Complaint.

19) Defendants deny the allegations contained in Paragraphs 35 and 36 of the Amended Complaint, as they are without knowledge sufficient to form an opinion as to the truth of the allegations contained therein.

20) For the purpose of answering Paragraph 37 of the Amended Complaint, Defendants incorporate the responses contained in Paragraphs 1 through 19 of this Joint Answer.

21) Defendants admit the allegations contained in Paragraph 28 of the Amended Complaint.

22) Defendants admit that on August 1, 2016 the City of Bedford amended its point of sale ordinance to include a warrant requirement, but deny all remaining allegations contained in Paragraph 39 of the Amended Complaint.

23) Defendants deny the allegations contained in Paragraphs 40 and 41 of the Amended Complaint.

24) Defendants deny the allegations contained in Paragraph 42 of the Amended Complaint.

25) Defendants admit the City's website states "Owners of residential or commercial real estate, including single-family and 2-family dwellings, duplexes, apartments, and condominiums and all commercial and industrial properties are required to obtain a Certificate of Inspection (Point of Sale) *prior* to entering into an agreement to sell or convey an interest in such property (including sales through Land Contracts), but Defendants deny all remaining allegations contained in Paragraph 43 of the Amended Complaint.

26) Defendants admit the allegations contained in Paragraph 44 of the Amended Complaint.

27) Defendants deny the allegations contained in Paragraphs 45 through 55 of the Amended Complaint.

28) Defendants admit Mr. Diezic's properties at 261 Columbus Road and 56 Charles Street and Mr. and Mrs. Jowers' home at 90 Berwyn Drive were inspected, but deny all remaining allegations contained in Paragraph 56 of the Amended Complaint.

29) Defendants deny the allegations contained in Paragraphs 57 through 63 of the Amended Complaint.

30) Defendants admit the City's website states "all rental units, (apartments-residential dwellings-commercial properties), including 'land contract' agreements are required to register with the City of Bedford prior to occupancy…Under the code, you are required to call for a rental inspection whenever there is a change in tenant, or a 2-

year period, whichever is more frequent", but Defendants deny all remaining allegations contained in Paragraph 64 of the Amended Complaint.

31) Defendants admit the allegations contained in Paragraph 65 of the Amended Complaint.

32) Defendants deny the allegations contained in Paragraphs 66 through 75 of the Amended Complaint.

33) Defendants deny the allegations contained in Paragraph 76 of the Amended Complaint.

34) Defendants are without sufficient information to form an opinion as to the veracity of the allegations contained in Paragraph 77 of the Amended Complaint.

35) Defendants deny a rental inspection of the property located at 15 Mapledale Avenue was conducted between September 1, 2014 and October 29, 2015. Defendants deny that a rental inspection occurred at 245 John Street between September 1, 2014 and October 29, 2015. Defendants admit rental inspections of the properties located at 91 Solon Road #2 and #5, 144 Warransville Center Road, 131 Avalon Drive, 574 Darlington Road, 175 Columbus Road #3, 22 Powers Road, 234 Wandle Avenue, and 306 Columbus Road were conducted between September 1, 2014 and October 29, 2015, but Defendants deny all remaining allegations contained in Paragraph 78 of the Amended Complaint.

36) Defendants deny the allegations contained in Paragraph 79 of the Amended Complaint.

37) For the purpose of responding to Paragraph 80 of the Amended Complaint, Defendants incorporate the responses contained in Paragraphs 1 through 36 of this Joint Answer.

38) Defendants deny the allegations contained in Paragraphs 81 through 86 of the Amended Complaint.

39) For the purpose of responding to Paragraph 87 of the Amended Complaint, Defendants incorporate the responses contained in Paragraphs 1 through 38 of this Joint Answer.

40) Paragraphs 88 through 94 contain alleged statements of law and not allegations of fact, and therefore no response is required. Defendants, however, deny any allegations contained therein as they are without knowledge sufficient to form an opinion as to the truth of those allegations.

41) Defendants deny the allegations contained in Paragraphs 95 and 96 of the Amended Complaint.

42) Paragraphs 97 through 105 and Paragraph 107 contain alleged statements of law and not allegations of fact, and therefore, no response is required. Defendants, however, deny any allegations contained therein as they are without knowledge sufficient to form an opinion as to the truth of those allegations.

43) Defendants deny the allegations contained in Paragraph 106, as well as 108 through 115 of the Amended Complaint.

44) For the purpose of responding to Paragraph 116 of the Amended Complaint, Defendants incorporate the responses contained in Paragraphs 1 through 43 of this Joint Answer.

45) Defendants deny the allegations contained in Paragraph 117 of the Amended Complaint.

46) Paragraphs 118 through 120 of the Amended Complaint contain alleged statements of law and not allegations of fact, and therefore, no response is required. Defendants, however, deny all allegations contained therein as they are without knowledge sufficient to form an opinion as to the truth of those allegations.

47) Defendants deny the allegations contained in Paragraphs 121 through 124 of the Amended Complaint.

48) Paragraphs 125 and 126 of the Amended Complaint contain alleged statements of law and not allegations of fact, and therefore, no response is required. Defendants, however, deny any allegations contained therein as they are without knowledge sufficient to form an opinion as to the truth of those allegations.

49) Defendants deny the allegations contained in Paragraphs 127 and 128 of the Amended Complaint.

50) Defendants deny the allegations contained in Paragraph 129 of the Amended Complaint.

51) Defendants are without knowledge sufficient to form an opinion as to the veracity of the allegations contained in Paragraph 130 of the Amended Complaint.

52) Paragraphs 131 and 132 of the Amended Complaint contain alleged statements of law and not allegations of fact, and therefore, no response is required. Defendants, however, deny any allegations contained therein as they are without knowledge sufficient to form an opinion as to the truth of those allegations.

53) Defendants deny the allegations contained in Paragraphs 133 to 143 in the Amended Complaint.

54) Defendants are without information sufficient to form an opinion as to the veracity of the allegations contained in Paragraphs 144 through 146 of the Amended Complaint.

55) Defendants deny the allegations contained in Paragraphs 147 through 153 of the Amended Complaint.

56) Defendants are without knowledge sufficient to form an opinion as to the veracity of the allegations contained in Paragraph 154 of the Amended Complaint.

57) Defendants admit they maintain records, but deny all remaining allegations contained in Paragraph 155 of the Amended Complaint.

58) Defendants deny the allegations contained in Paragraphs 156 through 166 of the Amended Complaint.

59) Defendants are without knowledge sufficient to form an opinion as to the veracity of the allegations contained in Paragraph 167 of the Amended Complaint.

## SECOND AFFIRMATIVE DEFENSE

60) The allegations and claims in the Amended Complaint are barred or reduced because of Plaintiff's failure to mitigate or minimize the alleged damages.

## THIRD AFFIRMATIVE DEFENSE

61) The allegations and claims in the Amended Complaint are barred because the Plaintiff has waived, consented, or acquiesced to the incidents set forth in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

62) The allegations and claims in the Complaint are barred by the doctrines of absolute and qualified immunity under both Ohio and Federal Law.

## FIFTH AFFIRMATIVE DEFENSE

63) The allegations and claims in the Amended Complaint are barred because of failure to serve process according to law.

## SIXTH AFFIRMATIVE DEFENSE

64) The allegations and claims in the Amended Complaint are barred because the Court lacks jurisdiction due to insufficiency of service of summons according to law.

WHEREFORE, Defendants request that this Court dismiss Plaintiffs' First Amended Complaint, with prejudice, and at Plaintiffs' costs.

Respectfully submitted,

/s/ R. Eric Smearman
R. Eric Smearman (0062132)
Kallen L. Dearnbarger (0093608)
**Smith Marshall, LLP**
7251 Engle Road, Suite 404
Middleburg Heights, Ohio 44130
(440) 243-4994   Fax: (440) 243-6598
E-mail: res@smithmarshall.com
kld@smithmarshall.com

Attorneys for Defendants,
City of Bedford, Ohio, Rob Brown, and Richard Hickman

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of February, 2017 the foregoing Joint Answer of Defendants City of Bedford, Ohio, Rob Brown, and Richard Hickman was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing system.

/s/ R. Eric Smearman
R. Eric Smearman