## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **KENNETH PUND,** *et al* | : | Case No. 16-CV-1076 |
| | : | |
| | : | Judge Benita Y. Pearson |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | |
| | : | |
| **CITY OF BEDFORD, OHIO,** *et al* | : | |
| | : | |
| | : | |
| **Defendants.** | : | |
| | : | |
| | : | |
| | : | |

## PLAINTIFF KENNETH PUND'S FIRST SET OF DISCOVERY REQUESTS TO DEFENDANTS, AND PLAINTIFF JON DIEZIC'S SEPARATE FIRST SET OF DISCOVERY REQUESTS TO DEFENDANTS

Now come Plaintiffs Kenneth Pund and Jon Diezic and hereby submit, and hereby submit, pursuant to Rules 33, 34 and 36 of the Federal Rules of Civil Procedure, the following Interrogatories, Requests for Production of Documents, and requests for Admission to Defendants, to be answered under oath and returned to the 1851 Center for Constitutional Law, 122 E. Main Street, Columbus, OH, 43215, by **FEBRUARY 28, 2017** and that you provide any documents responsive to these requests to Plaintiffs' counsel Maurice A. Thompson.

### GENERAL DEFINITIONS APPLICABLE TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Unless otherwise indicated, the pronouns "you" and "your" refer to the Defendants and all of the City of Bedford's current officers, agents, employees, and representatives.

2. "Document(s)" means all materials within the full scope of Fed.R.Civ.P. 34 including but not limited to: all writings and recordings, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise (including but

without limitation to, email and attachments, correspondence, memoranda, notes, diaries, minutes, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, tags, labels, invoices, brochures, periodicals, telegrams, receipts, returns, summaries, pamphlets, books, interoffice and intra-office communications, offers, notations of any sort of conversations, working papers, applications, permits, file wrappers, indices, telephone calls, meetings or printouts, teletypes, telefax, invoices, worksheets, and all drafts, alterations, modifications, changes and amendments of any of the foregoing), graphic or aural representations of any kind (including without limitation, photographs, charts, microfiche, microfilm, videotape, recordings, motion pictures, plans, drawings, surveys), and electronic, mechanical, magnetic, optical or electric records or representations of any kind (including without limitation, computer files and programs, tapes, cassettes, discs, recordings), including metadata.

      3.      Where knowledge or information of a party is requested, such request includes knowledge of the party's agents, servants, employees, representatives and unless privileged, attorney(s).

      4.      "Communications" means any and all of the following:  writings, oral communications, conversations by telephone, meetings, and any contact, oral or written, formal or informal, at any time or place, and under any circumstances whatsoever in which any information of any nature was transmitted or exchanged in any form.

      5.      "Relating to" and "related to" means constituting or evidencing and directly or indirectly mentioning, describing, referring to, pertaining to, being in connection with or in any way reflecting upon the stated subject matter.

      6.      The words "any" and "all" shall be considered to include "each" and "each and every."

      7.      The singular of any word shall include the plural, and the plural of any word shall include the singular.

8. If additional information is received prior to the deadline to the filing of Plaintiffs' Motion for Summary Judgment in this matter, Supplemental Answers shall be produced setting forth such additional information as promptly and as long before the trial or hearing date as possible.

9. If you do not clearly understand, or have any questions about, the definitions, instructions, or any request for documents, please promptly contact Plaintiffs' counsel for clarification.

## INTERROGATORIES

### *Definitions*

1. "Identify" when used with respect to a writing means to state the date, the type of writing, the author(s) or originator(s), each addressee, those persons to whom copies were sent, the identity of its custodian, the physical location of the document, its subject matter and the number of pages.  In all instances in which an Interrogatory calls for identification of documents, it shall be sufficient in lieu of such identification to produce copies of such documents attached to the Answer to these Interrogatories; each such document so produced shall be designated with a paragraph and sub-paragraph number of the Interrogatory or Interrogatories requiring its identification.  If any document is withheld under claim of privilege or work product, furnish a list identifying each document for which the privilege or work product is claimed, together with the following information for each such document:  date, sender, recipient, person to whom copies were furnished, job titles of each of these persons, subject matter of the documents, number of pages, the basis on which the privilege or work product is claimed, the paragraph or paragraphs of these Interrogatories to which the document responds, and whether any matter that is not privileged or not work product is discussed or mentioned in that document.

2. "Identify" when used in reference to any person means to state their full name and present or last known home and business addresses, their occupation, their present or last known position, employer, or business affiliation, their present or last known business and home telephone

numbers.  When a person has been identified in full in response to an Interrogatory as required by these definitions, it shall be sufficient to identify such person in response to subsequent Interrogatories, to state the full name of such person and refer to the previous Interrogatory where a full identification was given so long as all other information regarding such person required by these definitions remains the same.

### INTERROGATORIES OF PLAINTIFF KENNETH PUND

**INTERROGATORY NO. 1:**	Identify the person or persons with the greatest knowledge, as known to you, related to how the Certificate of Rental Inspection program is enforced.

**ANSWER:**


**INTERROGATORY NO. 2:**	Identify the person or persons with the greatest knowledge, as known to you, related to how past Certificate of Rental Inspection fees were spent.

**ANSWER:**


**INTERROGATORY NO. 3:**	Identify the exact number of rental inspections and follow-up inspections the City of Bedford performed in each month between September 1, 2014 and the present.

**ANSWER:**


**INTERROGATORY NO. 4:**	Identify the total amount in fees the City has collected through the rental inspection program from September 1, 2014 through the present.

**ANSWER:**


**INTERROGATORY NO. 5:**	Identify each and every expenditure made by the City of Bedford for the purpose of conducting rental inspections from September 1, 2014 through the present, alongside dollar amounts associated with those expenditures, and all accounts to which point of sale inspection fees were allocated.

**ANSWER:**

**INTERROGATORY NO. 6:** Explain in detail, with itemization where possible, how the City of Bedford has spent all rental inspection fees collected from September 1, 2014 through the present.

**ANSWER:**


**INTERROGATORY NO. 7:** Identify each individual or business from whom you have collected fees related to the performance of rental inspections from September 1, 2014 through the present, including the amount collected from that individual or business, the last known address of that individual or business, and the address of the Bedford property upon which the inspection was performed.

**ANSWER:**


**INTERROGATORY NO. 8:** Identify each and every instance since September 1, 2014 through the present where a property owner subject to the City of Bedford's Rental License requirement failed to undergo the inspection, either at change of tenant or on a biennial basis

**ANSWER:**


**INTERROGATORY NO. 9:** Identify each and every individual or business who has been subjected to legal action or penalty for failure to apply for a Certificate of Rental License or Certificate of Rental Inspection, pursuant to Section 1311.31, from September 1, 2014 through the present.

**ANSWER:**


**INTERROGATORY NO. 10:** Identify each and every instance since September 1, 2014 through the present where the City withheld a Certificate of Rental License in response to the absence of either a Certificate of Rental Inspection or a rental inspection fee payment.

**ANSWER:**


**INTERROGATORY NO. 11:** Identify each and every individual or business who has knowingly and voluntarily consented to a rental inspection from September 1, 2014 through the present.

**ANSWER:**

**INTERROGATORY NO. 12:** Identify any and all evidence in support of your answer to the Interrogatory directly above, i.e. evidence that the individual(s) or business(es) listed above knowingly and voluntarily consented to a rental inspection.

**ANSWER:**

**INTERROGATORY NO. 13:** Identify each and every reason why you believe (if you so believe) that a warrant was not required to perform any or all of the rental inspections conducted between September 1, 2014 and the present.

**ANSWER:**

**INTERROGATORY NO. 14:** Identify, with detail and specificity as to each individualized situation, any and all exceptions to the warrant requirement that you believe applied to any and/or all rental inspections performed between September 1, 2014 and the present.

**ANSWER:**

**INTERROGATORY NO. 15:** Identify each and every means by which the City, under its rules, regulations, practices, and/or policies, will attempt to acquire, for the purposes of making a voluntary rental inspection, the consent of the owner and/or tenant.

**ANSWER:**

**INTERROGATORY NO. 16:** Identify each and every instance in which you have either sought and/or obtained a warrant to conduct a rental inspection

**ANSWER:**

**INTERROGATORY NO. 17:** Identify each and every substantial government interest underlying the regulatory scheme pursuant to which rental inspections are made.

**ANSWER:**

**INTERROGATORY NO. 18:** Identify each and every reason why you believe (if you so believe) that warrantless inspections are necessary to further the rental inspection scheme

**ANSWER:**


**INTERROGATORY NO. 19:** Identify each and every reason why the City of Bedford will not issue a Certificate of Rental License unless a rental inspection has been performed.

**ANSWER:**


**INTERROGATORY NO. 20:** Identify each and every reason why the City of Bedford will revoke or decline to renew a Certificate of Rental License if an inspection is not performed on a biennial basis.

**ANSWER:**

## INTERROGATORIES OF PLAINTIFF JOHN DIEZIC

**INTERROGATORY NO. 1:** Identify the person or persons with the greatest knowledge, as known to you, related to how (a) the point of sale inspection requirements in effect at the time this lawsuit was filed were enforced; and (b) the current point of sale inspection requirements will be enforced.

**ANSWER:**


**INTERROGATORY NO. 2:** Identify the total amount of fees related to the City's point of sale inspections collected by the City of Bedford from May 5, 2014 through the present.

**ANSWER:**


**INTERROGATORY NO. 3:** Identify each individual or business from whom you have collected fees related to the performance of point of sale inspections from May 5, 2014 through the present, including the amount collected from that individual or business, the last known address of that individual or business, and the address of the Bedford house upon which the inspection was performed.

**ANSWER:**


**INTERROGATORY NO. 4:** Explain in detail, with itemization where possible, how the City of Bedford has spent all point of sale inspection fees collected from May 5, 2014 through the present day.

**ANSWER:**


**INTERROGATORY NO. 5:** Identify each and every expenditure made by the City of Bedford for the purpose of conducting the point of sale inspections from September 1, 2014 through the present, alongside dollar amounts associated with those expenditures, and all accounts to which point of sale inspection fees were allocated.

**ANSWER:**

**INTERROGATORY NO. 6:** Identify the exact number of point of sale inspections and follow-up inspections the City of Bedford has performed, for each separate month included, from May 5, 2014 to the present day.

**ANSWER:**


**INTERROGATORY NO. 7:** Identify the exact amount of point of sale inspection fees collected by the City of Bedford, for each separate month included, from May 5, 2014 through the present day.

**ANSWER:**


**INTERROGATORY NO. 8:** Explain in detail how the City of Bedford has and will spend all point of sale inspection fees collected subsequent to August 1, 2016.

**ANSWER:**


**INTERROGATORY NO. 9:** Identify each and every individual or business required to place funds in escrow to remedy Building Code violations identified during point of sale inspections made pursuant to Section 1311.18 from January 1, 2014 through August 1, 2016.

**ANSWER:**


**INTERROGATORY NO. 10:** Identify each and every individual or business currently awaiting a Certificate of Compliance from the City in order to recover funds placed in escrow pursuant to Section 1311.18 and 1311.21.

**ANSWER:**


**INTERROGATORY NO 11:** Identify the exact amount of funds currently held in escrow pursuant to Section 1311.18 and 1311.21, as well as the owners of these funds.

**ANSWER:**

**INTERROGATORY NO 12:**  Identify whether the City has ever drawn any distinctions between the inspection of vacant and owner-occupied homes when enforcing the point of sale inspection requirement.

**ANSWER:**


**INTERROGATORY NO. 13:**  Identify any and all facts, reasons, or evidence that you believe demonstrate that Plaintiffs do not or cannot adequately represent the interests of the Plaintiffs' proposed classes.

**ANSWER:**


**INTERROGATORY NO. 14:**  Identify any and all facts, reasons, or evidence that you believe demonstrate that Plaintiffs' claims are not typical of the claims of the Plaintiffs' proposed classes.

**ANSWER:**


**INTERROGATORY NO. 15:**  Identify any and all facts, reasons, or evidence not cited above that you believe demonstrate that Plaintiffs are not entitled to certification of Plaintiffs' proposed classes.

**ANSWER:**


### PLAINTIFF KENNETH PUND'S REQUEST FOR PRODUCTION OF DOCUMENTS

1. Produce all records related to rental inspection fees collected, including records documenting amounts collected, total expenditures made, and the nature of expenditures made, from September 1, 2014 through the present.

2. Produce each and every completed or partially completed City of Bedford Application for Rental Certificate received by the City from September 1, 2014 through the present.

3. Produce all written records related to Defendants' Answers and Responses to Plaintiffs' Interrogatories above.

4. Produce all records related to findings made and/or orders issued in response to rental inspection searches conducted between September 1, 2014 and the present.

5. Produce all records related to any sanctions imposed for failure to undergo a rental inspection, failure of a rental inspection, or any of Defendants' other policies related to its rental inspection.

6. Produce each and every document that you relied upon in formulating your response to any Interrogatory above.

7. Produce each and every legal representation agreement between the City of Bedford and all legal counsel related to this matter.

## **PLAINTIFF JOHN DIEZIC'S REQUEST FOR PRODUCTION OF DOCUMENTS**

1. Produce all records related to point of sale inspection fees collected, including records documenting amounts collected, total expenditures made, and the nature of expenditures made, from January 1, 2014 through the present.

2. Produce each and every completed or partially completed City of Bedford Application for Point of Sale Inspection received by the City from January 1, 2014 through the present.

3. Produce all written records related to Defendants' Answers and Responses to Plaintiffs' Interrogatories above.

4. Produce all records related to findings made and/or orders issued in response to point of sale inspection searches conducted by the City of Bedford from January 1, 2014 through the present day.

5. Produce all records related to any sanctions imposed for failure to undergo a point of sale inspection, failure to pass a point of sale inspection, or any of Defendants' other policies related to its point of sale inspection program, from January 1, 2014 through the present day.

                    Respectfully submitted,

                    */s/ Maurice A. Thompson*
                    Maurice A. Thompson (0078548)
                    1851 Center for Constitutional Law
                    122 E. Main Street
                    Columbus, Ohio 43215
                    Tel: (614) 340-9817
                    *mthompson@ohioconstitution.org*

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing DISCOVERY REQUESTS have been served on Defendants, through email to Defendants' Counsel, on **January 31, 2017**.

                                                      Respectfully submitted,
                                                      /s/ _Maurice A. Thompson_
                                                      Maurice A. Thompson (0078548)