# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **KENNETH PUND,** *et al.* | : | **Case No. 16-CV-1076** |
| | : | |
| **Plaintiffs,** | : | **Judge Benita Y. Pearson** |
| | : | |
| **v.** | : | **DEFENDANTS' BRIEF IN** |
| | : | **OPPOSITION TO PLAINTIFFS'** |
| **CITY OF BEDFORD, OHIO,** *et al.* | : | **MOTION FOR CLASS** |
| | : | **CERTIFICATION** |
| **Defendants.** | : | |
| | : | |

Now come Defendants, City of Bedford, Rob Bron, and Richard Hickman ("Bedford"), by and through undersigned counsel, and submits their Brief in Opposition to Plaintiffs' Motion for class certification. Defendants oppose Plaintiffs' definition of the proposed class, as it is overbroad, including in its litigation numerous individuals with no cause of action. Plaintiffs also seek to certify a class based upon injunctive relief that this Court has determined is moot. Finally, Plaintiffs fail to meet any of the requirements set out in F.R.C.P. Rule 23(b). Accordingly, Plaintiffs' Motion for Class Certification should be denied or in the alternative limited in scope as described below.

## I.    STATEMENT OF CASE

On May 4, 2016, Plaintiffs filed the original Complaint [Doc. No. 1], followed by Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction [Doc. No. 4] filed on May 6, 2016. Plaintiffs and Bedford worked out an agreement allowing for a preliminary injunction during which time Bedford would amend its point of sale inspection ordinance to include a warrant requirement.[1] On August 5, 2016, Defendants filed their Opposition to Motion

---

[1] *See Joint Motion for Order Granting Preliminary Injunction and Consolidated Briefing Schedule* [Doc no. 10] and this Court's order granting the joint motion [Doc. No. 11].

for Permanent Injunction [Doc. No. 17], arguing that the request for permanent injunction was moot due to the Bedford's new point of sale ordinance which included a warrant requirement.

On September 8, 2016, Plaintiffs filed a Reply in Support of Permanent Injunction [Doc. No. 18] as well as a Motion for Leave to File Amended Complaint [Doc. No. 19], which Plaintiffs filed on September 9, 2016. This Court granted Plaintiffs' request for leave to amend and held that Plaintiffs' Motion for Permanent Injunction was moot.[2]

Plaintiffs filed their First Amended Complaint [Doc. No. 21] on January 30, 2017, followed by Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction [Doc No. 22], filed on February 10, 2017. On February 14, 2017, this Court denied Plaintiffs' Motion for Temporary Restraining Order and Permanent Injunction.[3] Plaintiffs made an oral motion for restraining order based upon clarifying certain details incorporated into the rental inspection ordinance, Bedford's website, and Bedford's rental inspection forms. Currently the parties have worked together to resolve Plaintiffs' concerns. Bedford's website and notification forms have been changed, and Defendants fully anticipate the agreed-upon ordinance changes will be passed at the March 6, 2017 Bedford City Council meeting.

Plaintiffs filed their Motion for Class Certification [Doc. No. 27] on February 17, 2017. Defendants oppose the certification of both Subclass A and Subclass B to the extent that each is overly broad and do not meet the numerosity requirement imposed by F.R.C.P. Rule 23(a). Additionally, Defendants oppose the class certifications based upon the requested relief underwhich Plaintiffs seek to be certified. This Court has held that injunctive relief from Bedford's point of sale inspection ordinance is moot. Further, Defendants anticipate that Plaintiffs will

---

[2] *See* Order [Doc. No. 20], dated January 30, 2017.
[3] *See Docket of Case No.* 1:16-cv-01076-BYP.

withdraw their oral motion as all actions have been taken to satisfy their objections to the ordinance, website, and forms.

II.     **LAW ANDARGUMENT**

    A.  **Plaintiffs Have Failed to Demonstrate Either Subclass Is Numerous Enough to Certify the Classes.**

The first prerequisite to class certification requires that Plaintiffs establish "the class is so numerous that joinder of all members is impracticable."[4] Where the size of the proposed class is purely speculative, the numerosity requirement of Rule 23(a) is not met.[5]

Plaintiffs state "the City of Bedford performs as many as 284 point of sale inspections and 535 rental inspections every year, meaning the class will likely consist of over 1,000 different property owners. This is more than sufficient to support a finding of numerosity."[6] Plaintiffs' numerical data is derived from Exhibit H to the Amended Complaint. However, this exhibit is merely a table containing dates, number of inspections, and paid fees without any identification of the source of the information.  Plaintiffs do not provide any citation for authority or authentication of their data. Without more information to authenticate the data, Plaintiffs' conjecture that Bedford conducts as many as 284 point of sale inspections and as many as 535 rental inspections is purely speculative and cannot be used to satisfy the numerosity requirement of 23(a).

Additionally, Plaintiffs' subclasses are each overly broad as they include individuals and businesses far outside the scope of any possible class action. This argument is more fully briefed below; however, any individual or business outside the scope of this requested class action cannot be used to demonstrate that Plaintiffs have met the numerosity requirement of 23(a).

---

[4] *Federal Rules of Civil Procedure 23(a)(1).*
[5] *Marcial v. Coronet Ins. Co.,* 880 F.2d 954, 957 (7th Cir., 1989).
[6] *Plaintiffs' Motion for Class Certification*, pg. 6.

### B.  Plaintiffs' Proposed Subclasses Are Overly Broad.

As to Subclass A, defined as individuals and businesses that were subject to point of sale inspections and paid fees associated with those inspections since September 10, 2014, Defendants oppose the overly broad class. The class should not continue into the present, but rather should be limited to inspections conducted up to January 30, 2017. On May 12, 2016, this Court granted the Joint Motion to Grant Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction [Doc. No. 11]. At that time, Bedford, in compliance with the Court's order, halted all point of sale inspections. On January 30, 2017, this Court held that Plaintiffs' Motion for Permanent Injunction was denied as moot since Bedford amended its point of sale ordinance to include a warrant requirement on August 1, 2016. Any point of sale inspection that has occurred since January 30, 2017 has been in compliance with the Fourth and Fourteenth Amendment and not subject to the claims for restitution Plaintiffs have requested. Accordingly, any individual or business that has paid a point of sale inspection fee since January 30, 2017 should not be included in Subclass A.

As to Subclass B, defined as individuals and businesses that have been subject to rental inspections and paid fees associated with those inspections since September 10, 2014, Defendants oppose the overly broad class. Claims brought under 42 U.S.C. § 1983 are subject to a two-year statute of limitations.[7] As such, no class should be certified beyond two years in this matter.

Plaintiffs' claim alleging Bedford's rental inspection ordinance is unconstitutional was first pled in their Amended Complaint, filed on January 30, 2017. Any class certification should not go beyond two years prior to that date. As such, Subclass B should not be certified to include any plaintiffs earlier than January 30, 2015.

---

[7] *Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003).

4

Additionally, Bedford amended its rental inspection ordinance to include a warrant requirement on October 3, 2016. From that date, Bedford's ordinance did not impose unconstitutional searches, and individuals and business had the ability to refuse consent to the rental inspection without fear of penalty, making their consent un-coerced. As such, any individual or business that has been subject to a rental inspection and the fee associated with a rental inspection since October 3, 2016 should not be included in the certification of Subclass B.

Accordingly, Subclass A should not certify any individual or business that has had a point of sale inspection after January 30, 2017. Additionally, Subclass B should be certified to contain only individuals and businesses that were subject to rental inspections, and their associated fees, from January 30, 2015 until October 3, 2016.

### C. Class Certification Should Not Include Individuals or Businesses Whose Commonality Is Based Upon Claims Seeking to Enjoin Warrantless Searches.

Plaintiffs' Motion for Class Certification alleges that questions of law and fact are common to the class because Plaintiffs "have sought to enjoin the City's warrantless searches as against all [Plaintiffs]."[8] Pursuant to this Court's Order dated January 30, 2017, Plaintiffs' request for permanent injunction of Bedford's point of sale inspections is moot. On February 14, 2017, this Court denied Plaintiffs' original Motion for Temporary Restraining Order and Preliminary Injunction, and requested Plaintiffs and Bedford work together to clarify Bedford's ordinance, website and rental inspection forms before denying Plaintiffs' oral Motion for preliminary injunction. Since that time, Bedford has taken Plaintiff's suggestions and amended the website and forms related to rental inspections. It is anticipated that Plaintiffs will withdraw their oral motion for restraining order by March 8, 2017, once the newly amended ordinance is put into effect on March 6, 2017.

---

[8] *See Plaintiffs' Motion for Class Certification*, pg. 7-8.

5

As such, individuals and businesses who satisfy the commonality requirement of 23(a) based upon only their claims seeking to enjoin Bedford from warrantless searches should not be certified as class members of either Subclass A or Subclass B.

### D.   Plaintiffs Fail to Satisfy the Requirements of Rule 23(b)

#### i.   23(b)(1)

Plaintiffs argue there are "hundreds, if not thousands, of property owners who may receive inconsistent Fourth Amendment protection and inconsistent amounts of restitution (if any at all) if forced to litigate their claims separately."[9] Plaintiffs offer no further explanation beyond this conclusory statement as to their unjust enrichment claim. This is wholly untrue since there is no risk of inconsistent adjudications under the circumstances of this case. Either the statutes as they existed prior to their amendments to include a warrant requirement were unconstitutional or they were not; there is no in between where some Plaintiffs may be awarded full restitution but others receive only partial restitution.

Additionally, Plaintiffs state "if Plaintiffs prevail on their facial Fourth Amendment challenge, this decision will have the impact of enjoining the Rental Inspection Requirements for all present and future renters of Bedford properties while affirming that the Fourth Amendment rights of those previously subject to Point-of-Sale and Rental Inspections Requirements were violated."[10] This issue was more fully briefed above, but again Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction was denied by this Court.[11] This Court expressed a desire for Bedford to work with Plaintiffs to make its new warrant requirement more clearly defined in its ordinance, on its website, and on its forms. Bedford has worked with Plaintiffs, to

---

[9] *Plaintiffs Motion For Class Certification*, pg. 12.
[10] *See id.*
[11] *See Docket of Case No.* 1:16-cv-01076-BYP.

6

Plaintiffs satisfaction, such that Plaintiffs should withdraw their oral motion for restraining order by March 8, 2017.

### ii.   23(b)(2)

As Plaintiffs state "the key to the (b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted…"[12] Plaintiffs' request for declaratory judgment seeks only that the Court declare unconstitutional, facially and as-applied here, all relevant portions of Bedford's Ohio Rental Inspection Requirements and Point of Sale Inspection Requirements, as well as Defendants' enforcement policies, practices, and actions related to the requirements.[13] Additionally, Plaintiffs seek a declaration of preliminary and permanent injunction prohibiting Bedford from enforcing its inspections to the extent they are unconstitutional.[14]

Again, as to the injunctive relief, more fully briefed above, Plaintiffs are no longer entitled to injunctive relief because the ordinances have been amended to include a warrant requirement, and any additional request for injunction is moot. Additionally, as to the declaratory judgment, the point of sale inspection and rental inspection ordinances have been amended so as to follow the Ohio case law that dictates the manner by which these ordinances can comply with the Fourth Amendment. Accordingly, Plaintiffs are no longer entitled to injunctive or declaratory relief and cannot seek certification under 23(b)(2).

### iii.   23(b)(3)

To qualify for certification under Rule 23(b)(3), a class must meet two requirements beyond the Rule 23(a) prerequisites: common questions must predominate over any questions

---

[12] *Plaintiffs' Motion For Class Certification*, pg. 12
[13] *See Plaintiffs' First Amended Complaint,* ¶85.
[14] *See id*. at ¶ 86.

affecting only individual members; and class resolution must be superior to other available methods for the fair and efficient adjudication of the controversy.[15]

Bedford's point of sale inspections and rental inspections have been put in place for the safety and well-being of its residents. The inspections also serve to maintain the residential and commercial building structures within Bedford so that its residents continue to enjoy economic stability. Without these inspections, many of the homes and commercial buildings would fall into disrepair creating unhealthy living and working conditions as well as destabilizing the economic structure the residents of Bedford enjoy.

Many of the individuals and businesses that have been subject to point of sale and rental inspections during the time defined above likely support Bedford's attempt to ensure the physical as well as financial safety and security of residents and visitors such that they consented to the inspections. While the inspections may be presumptively coerced under Fourth Amendment doctrine, that nevertheless opens the door to Bedford overcoming that presumption based upon each individual's or business's opinion on the assistance the point of sale inspections and rental inspections provide to the Bedford community. Even if this Court believes there is no amount of evidence which can overcome the presumption of coercion, there is still the issue that not all Plaintiffs may seek restitution from Bedford and may not understand the implications of not taking action to opt-out from a class action. Accordingly, there are questions of fact particular to each individual Plaintiff which predominate over the common questions shared by all Plaintiffs and a class action is not the superior method for adjudicating any existing claims of individuals or business which were subject to inspection during time defined above.

---

[15] *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 615 (1997).

Accordingly, Plaintiffs fail to meet any of the 23(b) requirements to certify a class action, and their Motion for Class Certification should be denied.

**III.    CONCLUSION**

For these reasons, Plaintiffs' Motion for Class Certification should be denied or in the alternative, certification of Subclass A and B should be limited to the scope of time discussed above.

Respectfully submitted,

/s/ R. Eric Smearman
R. Eric Smearman (0062132)
Kallen L. Dearnbarger (0093608)
**Smith Marshall, LLP**
7251 Engle Road, Suite 404
Middleburg Heights, Ohio 44130
(440) 243-4994  Fax: (440) 243-6598
E-mail: res@smithmarshall.com
kld@smithmarshall.com

Attorneys for Defendants,
City of Bedford, Ohio, Rob Brown and Richard Hickman

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of March, 2017 the foregoing Defendants City of Bedford's Brief in Opposition to Plaintiffs' Motion For Class Certification was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing system.

/s/ R. Eric Smearman
R. Eric Smearman