UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **KENNETH PUND**, *et al* | : | Case No. 16-CV-1076 |
| | : | |
| Plaintiffs, | : | Judge Benita Y. Pearson |
| | : | |
| v. | : | |
| | : | **PLAINTIFFS' NOTICE OF** |
| **CITY OF BEDFORD, OHIO**, *et al* | : | **SUPPLEMENTAL AUTHORITY** |
| | : | |
| Defendants. | | |

    Defendants have repeatedly argued, in opposing declaratory and injunctive relief, restitution, and even class certification, that Plaintiffs' claims are moot because the City has amended its original warrantless Point of Sale and Rental Inspection mandates.

    Several days prior to this filing, the Sixth Circuit issued a decision in the notorious case of Rowan County, Kentucky Clerk of Courts Kim Davis, who had refused to issue same-sex marriage licenses. See *Ermold v. Davis*, No. 16-6412, 2017 WL 1573313 (6th Cir. May 2, 2017). This holding does not break new ground. Rather, it simply relies upon many of the same precedents that Plaintiffs have already supplied to this Court for the proposition that cases and claims are not rendered moot where a governmental actor changes its policy, so long as a claim for damages or restitution is made.

    This authority is noteworthy because it is an exhaustive and extremely recent restatement of applicable law on mootness within the Sixth Circuit in a circumstance similar to that now before this Court. Accordingly, the summary of applicable precedent warrants this Court's attention insofar as it dispels Defendants' continued claims of mootness. In *Ermold,* the Sixth Circuit panel chronicled binding precedent as follows:

> Claims for damages are largely able to avoid mootness challenges. 13C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3553.3 (3d ed. 2017). Damages claims "are retrospective in nature—they compensate

for past harm. By definition, then, such claims cannot be moot." *CMR D.N. Corp. v. City of Philadelphia*, 703 F.3d 612, 622 (3d Cir. 2013) (internal quotation marks omitted). The Supreme Court has held that a damages claim is not rendered moot because a related injunctive-relief claim becomes moot. *See Powell v. McCormack*, 395 U.S. 486, 498, 89 S.Ct. 1944 (1969) (holding that a claim for back pay survived even after the ongoing harm an injunction sought to remedy was removed); *Bd. of Pardons v. Allen*, 482 U.S. 369, 370 n.1, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987) (concluding that paroled prisoners seeking injunctive relief regarding their prison's parole procedures could proceed on a damages claim even after they were released on parole); *City of Richmond v. J.A. Croson Co.*, 488 U.S. 469, 478 n.1, 109 S.Ct. 706 (1989) (noting that the expiration of Richmond's affirmative-action ordinance did not moot a damages claim relating to a contract denial under the ordinance). **We have similarly held that although "the repeal or amendment of a law moots challenges to the original law ... [t]he existence of [a] damages claim preserves the plaintiffs' backward-looking right to challenge the original law and to preserve a live case or controversy over that dispute."** *Midwest Media Prop., L.L.C. v. Symmes Twp.*, 503 F.3d 456, 460–61 (6th Cir. 2007). *See also Ohio Citizen Action v. City of Englewood*, 671 F.3d 564, 581 (6th Cir. 2012) ("However, if the plaintiff's complaint includes a claim for damages, that claim 'preserves the plaintiff['s] backward-looking right to challenge the original law and to preserve a live case or controversy over that dispute.' ") (quoting *Midwest Media*, 503 F.3d at 461); *Prime Media, Inc. v. City of Brentwood*, 398 F.3d 814, 824 (6th Cir. 2005) (holding that a court's order invalidating part of a city billboard ordinance did not moot a claim for damages arising from that invalidated portion of the ordinance). Even "a claim for nominal damages ... is normally sufficient to establish standing [and] defeat mootness...." *Lynch v. Leis*, 382 F.3d 642, 646 n.2 (6th Cir. 2004).

\*\*\*

Neither the Executive Order nor Senate Bill 216 rendered this damages-only case moot because, as we have held, **" 'so long as the plaintiff has a cause of action for damages, a defendant's change in conduct will not moot the case.'** Indeed where a claim for injunctive relief is moot, relief in the form of damages for a past constitutional violation is not affected." *Gottfried v. Med. Planning Servs., Inc.*, 280 F.3d 684, 691 (6th Cir. 2002) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 608–09, 121 S.Ct. 1835 (2001) (citation omitted)).

*Ermold v. Davis*, No. 16-6412, 2017 WL 1573313, at 3 (6th Cir. May 2, 2017)(citations included, emphasis added). The foregoing passage demonstrates that the City of Bedford's "change in conduct," by way of amending its mandatory Point of Sale and Rental Inspection policies to include a warrant requirement, does not moot any of Plaintiffs' claims. Consequently, this Court should still declare the City of Bedford's original policies to be unconstitutional on

their face, certify Plaintiffs' proposed class(es), and order restitution to those injured by the City's prior policies and those who enforced them.

*Respectfully submitted*,

*/s/ Maurice A. Thompson*
Maurice A. Thompson (0078548)
1851 Center for Constitutional Law
122 E. Main Street
Columbus, Ohio 43215
Tel: (614) 340-9817
*MThompson@OhioConstitution.org*

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on Defendants, through the Court's filing system email on May 9, 2017

Respectfully submitted,

/s/ *Maurice A. Thompson*