PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

KENNETH PUND, *et al.*,         )

                              )     CASE NO. 1:16CV1076

         Plaintiffs,       )

                              )

         v.                   )     JUDGE BENITA Y. PEARSON

                              )

CITY OF BEDFORD, OHIO, *et al.*,   )

                              )     **MEMORANDUM OF OPINION AND**

         Defendants.      )     **ORDER** [Resolving ECF No. 27]

Pending before the Court is Plaintiffs' Motion for Class Certification.  ECF No. 27.

Defendants responded (ECF No. 28) and Plaintiffs replied (ECF No. 33).  Also pending is

Plaintiffs' Oral Motion for Temporary Restraining Order, made at the February 17, 2017

Telephonic Status Conference.  For the following reasons, the Court denies Plaintiffs' Oral

Motion for Temporary Restraining Order as moot and grants Plaintiffs' Motion for Class

Certification.

## I. Background

Plaintiffs, citizens of the City of Bedford, Ohio, brought suit against the City of Bedford

and various city officials challenging the city's practice of imposing Point of Sale Inspection

fees.  ECF No. 1.  Plaintiffs filed Motions for Preliminary Injunction and Temporary Restraining

Order, asking the Court to enjoin Defendants' Point of Sale inspection requirements.  ECF No. 4.

The Court set a hearing for May 13, 2016, but, prior to the hearing, parties filed a Joint Motion

for an Order Granting Preliminary Injunction.  ECF No. 10.  The Court granted the Motion and

cancelled the hearing.  ECF No. 11.  The Court preliminarily enjoined Defendants from

(1:16CV1076 )

enforcing warrantless Point of Sale searches and from indirectly enforcing the warrantless Point of Sale searches requirement by criminally prosecuting Plaintiffs, stripping them of the right to occupy or rent their property, or otherwise.  *Id.* at PageID #: 74.   The City indicated in its Opposition to the Motion for Permanent Injunction that it had amended its Point of Sale Inspection regulations.  ECF No. 17.

Plaintiffs then moved for leave to amend their Complaint, which the Court granted.  ECF No. 23.  The Amended Complaint added a claim for class-wide relief, as well as claims related to Defendants' Rental Inspection fees.  Plaintiffs argued that Defendants' Rental Inspection mandates were materially identical to the City's enjoined Point of Sale Inspection requirements.  ECF No. 22 at PageID #: 208–09.   Nonetheless, Defendants continued to enforce the Rental Inspections, and maintained that the injunction applies only to the Point of Sale inspections.  *Id.* at PageID #: 209.  Plaintiffs also moved for a temporary restraining order.  ECF No. 22.  The Court held a hearing, at which Defendants agreed to amend the City's rental inspection ordinance.  On March 10, 2017, Defendants confirmed that the ordinance has been amended, and the rental application and City's website were updated accordingly.  ECF No. 31.  Plaintiffs now move for class certification.  ECF No. 27.

## II.  Standard of Review

The principal purpose of class actions is to achieve efficiency and economy of litigation, with respect to both the parties and the courts.  *See Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 159 (1982).  Before certifying a class, the district court must conduct a "rigorous analysis" of the prerequisites of Federal Rule of Civil Procedure 23.  *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct.

2

(1:16CV1076 )

2541, 2551 (2011).  A district court has broad discretion in deciding whether to certify a class, although it must exercise that discretion within the framework of Rule 23.  *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 559–60 (6th Cir. 2007); *In re American Medical Systems, Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996).

"Rule 23 does not require a district court, in deciding whether to certify a class, to inquire into the merits of the plaintiff's suit."  *Beattie*, 511 F.3d at 560.  But in evaluating whether class certification is appropriate, "it may be necessary for the court to probe behind the pleadings," because the relevant issues are often "enmeshed" within the legal and factual considerations raised by the litigation.  *Falcon*, 457 U.S. at 160.  The party seeking class certification bears the burden of establishing that the requisites are met.  *Alkire v. Irving*, 330 F.3d 802, 820 (6th Cir. 2003).

### III.  Discussion

In order to certify a class, a court must identify the purported class and determine that the named plaintiffs are members of the class; establish that the requirements of Fed. R. Civ. P. 23(a) have been met; and determine that the case may be certified pursuant to at least one of the subcategories of Fed. R. Civ. P. 23(b).  Each requirement is addressed in turn.

#### A.  Class Definition

In reviewing a motion for class certification, a court must first identify the purported "class" and determine that the named plaintiffs are members of the class.  The class definition must specify "a particular group at a particular time frame and location who were harmed in a particular way" and define the class so that its membership can be objectively ascertained.

3

(1:16CV1076 )

*Edwards v. McCormick*, 196 F.R.D. 487, 491 (S.D. Ohio 2000).  "[T]he class definition must be sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member of the proposed class."  *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 537 (6th Cir. 2012) (quoting 5 James W. Moore et al., Moore's Federal Practice § 23.21[1] (Matthew Bender 3d ed. 1997)) (internal quotation marks omitted).

Plaintiffs seek to certify a class, consisting of two subclasses, defined as:

**Subclass A**:  All individuals and businesses that have (1) been subjected to Point of Sale Inspections since September 10, 2014; and (2) paid Points of Sale Inspection fees to the City of Bedford in conjunction with the aforesaid inspection(s).

**Subclass B**:  All individuals and businesses that have (1) been subjected to rental inspections since September 10, 2014; and (2) paid Rental Inspection fees to the City of Bedford in conjunction with the aforesaid inspection(s).

ECF No. 27 at PageID #: 265.

Defendants counter that these proposed subclasses are overly broad in two ways.  ECF No. 28 at PageID #: 296–98.  First, Defendants argue that the subclasses should not includes dates after the date Defendants amended their point of sale and rental inspection ordinances.  In regards to Subclass A, Defendants argue that because Bedford amended its point of sale ordinance to include a warrant requirement, any point of sale inspection that has occurred since January 30, 2017 (the date of the Court's order holding that Plaintiffs' Motion for a Permanent Injunction was moot) has been in compliance with the Fourth and Fourteenth Amendment.  *Id.* at PageID #: 296.  As to Subclass B, Defendants argue that because Bedford amended its rental inspection ordinance to include a warrant requirement on October 3, 2016, any individual or business that has been subject to a rental inspection since October 3, 2016 should not be included

4

(1:16CV1076 )

in the certification of Subclass B. Plaintiffs do not oppose this change in principle, but argue that, with respect to rental inspections, coerced inspections continued through February 14, 2017, the date of the Court's hearing on Plaintiffs' Motion for Temporary Restraining Order. ECF No. 33 at PageID #: 335. Finding Defendant's argument concerning point of sale inspections well taken, the Court adopts the January 30, 2017 cutoff. Regarding rental inspections, because there were still questions as to whether the City had properly amended its ordinance, changed the rental application form, and updated its website when the Court conducted the February 14, 2017 Hearing, the Court adopts the February 14, 2017 cutoff.

Second, as to Subclass B, Defendants argue that because claims brought under 42 U.S.C. § 1983 are subject to a two-year statute of limitations, Subclass B should not be certified to include any plaintiffs earlier than January 30, 2015. ECF No. 28 at PageID #: 296 (citing *Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003)). Defendants misstate the law on statute of limitations. Although Plaintiffs' Amended Complaint was filed on January 30, 2017, the relevant state for statute of limitations purposes is the date the motion for leave is made. *Ne. Ohio Coal. for the Homeless v. Husted*, No. 2:06CV896, 2016 WL 8223066, at *2–3 (S.D. Ohio Mar. 17, 2016) (citing *Moore v. State of Indiana*, 999 F.2d 1125, 1131 (7th Cir. 1993) ("As a party has no control over when a court renders its decision regarding the proposed amended complaint, the submission of a motion for leave to amend, properly accompanied by the proposed amended complaint that provides notice of the substance of those amendments, tolls the statute of limitations, even though technically the amended complaint will not be filed until the court rules on the motion.")); *United States v. Katz*, 494 F. Supp. 2d 641, 644 (S.D. Ohio

5

(1:16CV1076 )

2006) ("Courts have held that the filing of a motion for leave to amend tolls the running of the statute of limitations.").  Because Plaintiffs filed their motion for leave on September 8, 2016, the September 10, 2014 start date for Subclass B is within the statute of limitations.

Accordingly, the Court identifies the following subclasses:

**Subclass A**:  All individuals and businesses that have (1) been subjected to Point of Sale Inspections between September 10, 2014 and January 30, 2017; and (2) paid Points of Sale Inspection fees to the City of Bedford in conjunction with the aforesaid inspection(s).

**Subclass B**:  All individuals and businesses that have (1) been subjected to rental inspections between September 10, 2014 and February 14, 2017; and (2) paid Rental Inspection fees to the City of Bedford in conjunction with the aforesaid inspection(s).

This class definition provides objective criteria to permit the Court to ascertain whether an individual is member of proposed Class.  The proposed Class also would not constitute a "fail-safe class," or one that is not defined until case is decided on merits.  *See Randleman v. Fidelity Nat'l Title Ins. Co.*, 646 F.3d 347, 352 (6th Cir. 2011) ("Either the class members win or, by virtue of losing, they are not in the class and, therefore, not bound by the judgment.").

## B.  **Rule 23(a)** Prerequisites

After a class has been identified, plaintiffs must establish that the requirements of Federal Rule of Civil Procedure 23(a) are met.  Rule 23(a) lists four requirements for the certification of a class:

One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

6

(1:16CV1076 )

Fed. R. Civ. P. 23(a).  Each of these prerequisites is discussed in turn.

### i. Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable."  The Sixth Circuit has stated that, although "there is no strict numerical test, 'substantial' numbers usually satisfy the numerosity requirement." *Daffin v. Ford Motor Co.,* *458 F.3d 549, 552 (6th Cir. 2006)*.  According to Newberg's often-cited treatise, "a class of 40 or more members raises a presumption of impracticability of joinder based on numbers alone." 1 William B. Rubenstein, Alba Conte and Herbert B. Newberg, Newberg on Class Actions § 3:12 (5th ed. 2017).

Plaintiffs highlight figures provided by City of Bedford official Peggy Zelasko, in response to a March 2, 2016 public records request by Plaintiffs' counsel. ECF No. 27 at PageID #: 270 (citing ECF No. 21 at PageID #: 205 (titled "EXHIBIT H - Revenue Derived From Point of Sale Inspection and Rental Inspection Fees")); ECF No. 33 at PageID #: 318. These figures demonstrate that each year, hundreds of rental and point of sale inspections are performed. ECF No. 21 at PageID #: 205.  For example, in 2014, 535 rental inspections were performed, and 275 point of sale inspections were performed. *Id*.  In 2015, 483 rental inspections were performed, and 284 point of sale inspections were performed. *Id*.  Plaintiffs do not provide statistics for 2016 inspections.

Defendants challenge Plaintiffs' numerosity argument, contending the Plaintiffs' subclasses include individuals and businesses outside the scope of the class action, as described above  This argument is not sufficient to challenge the numerosity of the class members.  Even if

7

(1:16CV1076 )

just a fraction of the hundreds of rental and point of sale inspectees from one year were to join, the class would likely meet the 40-person rule of thumb, making joinder impracticable. Moreover, the nature of the claims makes joinder impracticable, as the cost of litigating these constitutional claims would likely outweigh the monetary injuries suffered.  *Putnam v. Davies*, 169 F.R.D. 89, 93 (S. D. Ohio 1996) (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 158–61 (1974)) (noting that litigating constitutional challenges is costly, and that class members suffering "the cost of a rental car for a few days" would be unlikely to bring suit).  With inspection fees as low as $50 per inspection, "the financial disincentives to initiating a lawsuit such as this one create a significant hardship for prospective plaintiffs and warrant the conclusion that the questioned statutes would go unchallenged were a class not certified." *Putnam*, 169 F.R.D. at 93 (quoting *Kutschbach v. Davies*, 885 F. Supp. 1079, 10854 (S. D. Ohio 1995)).

Given the large number of potential class members, as well as the nature of the claims, the Court finds that Plaintiffs have satisfied the numerosity requirement.

### ii.  Commonality

Rule 23(a)(2) requires that there be "questions of law or fact common to the class."  The Sixth Circuit has characterized the commonality requirement as "qualitative rather than quantitative" and has observed that "[v]ariations in the circumstances of class members are acceptable, as long as they have at least one issue in common." *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1080 (6th Cir. 1996).  The resolution of the common issue must "advance the litigation." *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998).  Commonality is

8

(1:16CV1076 )

satisfied when the claims "depend on a common contention . . . of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."  *Young*, 693 F.3d at 542 (quoting *Dukes*, 131 S. Ct. at 2551).

Defendants contest the commonality of the potential class, arguing that because the City has amended the ordinance, class certification should not include individuals or businesses whose commonality is based upon claims seeking to enjoin warrantless searches.  ECF No. 28 at PageID #: 297–98.  This argument is not a barrier to finding commonality, however, as the class members share common questions of law and fact: all class members claim that they are entitled to receive restitution of illegally collected funds.  Because even one common issue of law or fact can satisfy commonality, *In re Whirlpool Corp. Front-Loading Washer Prods. Liability Litigation*, 722 F.3d 838, 853 (6th Cir. 2013), the Court finds this prong satisfied.

### iii.  Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class."  Typicality "tends to merge" with commonality because both "serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence."  *Young*, 693 F.3d at 542 (quoting *Dukes*, 131 S. Ct. at 2551 n.5).  Typicality will be found when the representative has aligned interests with the class members,

9

(1:16CV1076 )

and pursuing the personal claims will also advance the class members' interests. *In re Am. Med. Sys.*, 75 F.3d at 1082.

The Class representatives' claims are typical of the claims of the proposed Class. Defendants' conduct affects the Class representatives in the same manner as it does other Class members—the Class representatives seek declaratory relief and the return of Point of Sale and Rental Inspection fees illegally paid to Defendant. The representative parties' claims, therefore, are typical of the claims of the proposed Class. *Daffin*, 458 F.3d at 552.

### iv. Representative Parties

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." The class representative must be part of the class, and "possess the same interest and suffer the same injury as the class." *Young*, 693 F.3d at 543 (citing *Amchem Prod. Inc. v. Windsor*, 521 U.S. 591, 625–26 (1997)). The Sixth Circuit considers two criteria for determining adequacy of representation: (1) the representatives have common interests with the unnamed members of the class, and (2) the representatives will vigorously prosecute the interests of the class through qualified counsel. *Beattie*, 511 F.3d at 563. The first requirement serves to uncover conflicts of interest between representative and the class. *Young*, 693 F.3d at 543. The second inquires into the competence of counsel. *In re Am. Med. Sys.*, 75 F.3d at 1083.

Both of these criteria are met. For the reasons as discussed above, Plaintiffs have common interests as the unnamed members of the Class. Moreover, Plaintiffs have prosecuted this case vigorously thus far, having brought two Motions for Temporary Restraining Orders, and having succeeded in persuading Defendants to modify their ordinances. Similarly,

10

(1:16CV1076 )

Plaintiffs' counsel, the 1851 Center for Constitutional Law, is also competent to represent the class, and Defendants do not challenge Plaintiffs' representation.  The Center is a public charity and public interest law firm focused on representing Ohioans in constitutional challenges, and has experience representing large classes in such cases.  ECF No. 27 at PageID #: 274.

For these reasons, the Court finds that the representative parties will fairly and adequately protect the interests of the class.

### v.  Summary

For the foregoing reasons, the Court finds that Plaintiffs have shown numerosity, typicality, commonality, and adequacy, and, therefore, have satisfied Rule 23(a).

### C.  Rule 23(b) Prerequisites

In addition to meeting the requirements of Rule 23(a), Plaintiffs must also demonstrate that the case may be certified pursuant to at least one of the subcategories of Rule 23(b).  Rule 23(b) provides, in pertinent part, that:

A class action may be maintained if Rule 23(a) is satisfied and if:,

(1) prosecuting separate actions by or against individual class members would create a risk of:,

(A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class, or,

(B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests,

11

(1:16CV1076 )

> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole. . . . ,
>
> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
>> (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b).   Plaintiffs contend that the case may be certified pursuant to Rule 23(b)(1), (b)(2), and (b)(3).

### i. **Rule 23(b)(1)**

"Rule 23(b)(1) authorizes mandatory class actions, meaning that potential class members do not have an automatic right to notice or opt out of the class." *Cates v. Cooper Tire & Rubber Co.*, 253 F.R.D. 422, 431 (N.D. Ohio 2008) (citing *Reeb v. Ohio Dep't of Rehab. & Corr.*, 435 F.3d 639, 645 (6th Cir. 2006)).  Rule 23(b)(1) is written in the disjunctive, meaning that Plaintiffs need to show either inconsistent adjudications will result in incompatible standards for conduct, or that adjudication of the individual claims would substantially impair the ability of potential class members to protect their interests.

In this case, Plaintiffs have shown that the case may be certified pursuant to Fed. R. Civ. P. 23(b)(1)(A).  If the instant case is not certified for class action, Defendants could face hundreds of separate lawsuits, which could result in inconsistent rulings on the constitutionality

12

(1:16CV1076 )

of the searches.  For these reasons, the Court finds that the Plaintiffs meet the requirements of class certification under Rule 23(b)(1)(A).

### ii.  Rule 23(b)(2)

In the alternative, the Court certifies the class pursuant to Rule 23(b)(2).  "Rule 23(b)(2) also authorizes mandatory class actions." *Cates*, 253 F.R.D. at 431 (citing *Reeb*, 435 F.3d at 645).  This subsection "does not extend to cases in which the appropriate final relief relates exclusively or predominantly to money damages." *Coleman v. Gen. Motors Acceptance Corp., 296 F.3d 443, 446 (6th Cir. 2002)* (quoting the Advisory Committee Notes 1966, Note on Subdivision (b)(2)).

Defendants argue that because the City has revised its ordinances and stopped the unconstitutional behavior, and the appropriate final relief in this case is predominately money damages, class certification pursuant to Rule 23(b)(2) is not appropriate.  Plaintiffs' claims for declaratory relief—a prerequisite to an order that restitution be paid—are not moot.  Therefore, because the proposed Class as a whole would benefit from declaratory or injunctive relief, the Court finds that certification under Rule 23(b)(2) is also appropriate. *See Cates*, 253 F.R.D. at 431 ("Although plaintiffs request past compensation, monetary damages are not their exclusive or predominate [sic] requested relief.  Past compensation covers only four and a half years of nonpayment, a relatively short period of time compared to the cost of providing retirees with medical benefits for life").[1]

---

[1]  Having found that the class could be certified pursuant to Rule 23(b)(1) or Rule 23(b)(2), the Court need not reach the question of certification pursuant to Rule 23(b)(3).

(1:16CV1076 )

### iii.  Summary

Because the Class meets the requirements of Rule 23, the Court certifies the following

Class, composed of two subclasses:

> **Subclass A**:  All individuals and businesses that have (1) been subjected to Point of Sale
> Inspections between September 10, 2014 and January 30, 2017; and (2) paid Points of
> Sale Inspection fees to the City of Bedford in conjunction with the aforesaid
> inspection(s).

> **Subclass B**:  All individuals and businesses that have (1) been subjected to rental
> inspections between September 10, 2014 and February 14, 2017; and (2) paid Rental
> Inspection fees to the City of Bedford in conjunction with the aforesaid inspection(s).

### D.  Class Counsel

Pursuant to Rule 23(g), a court that certifies a class must also appoint class

counsel.  Rule 23(g) states, in pertinent part:

> (1) Appointing Class Counsel.  Unless a statute provides otherwise, a court that
> certifies a class must appoint class counsel.  In appointing class counsel, the court:
>
>> (A) must consider: (i) the work counsel has done in identifying or
>> investigating potential claims in the action; (ii) counsel's experience in
>> handling class actions, other complex litigation, and the types of claims
>> asserted in the action; (iii) counsel's knowledge of the applicable law; and
>> (iv) the resources that counsel will commit to representing the class; . . .
>
> (2) Standard for Appointing Class Counsel.  When one applicant seeks appointment
> as class counsel, the court may appoint that applicant only if the applicant is
> adequate under 23(g)(1) and (4).
>  . . .
> (4) Duty of Class Counsel.  Class counsel must fairly and adequately represent the
> interests of the class.

Fed. R. Civ. P. 23(g).  Appointment of counsel is not contested.  The Court certifies current

counsel, Maurice A. Thompson, as class counsel.

14

(1:16CV1076 )

### IV.  Conclusion

For the foregoing reasons, the Court grants the Motion for Class Certification.  Because the City has modified its Rental Inspection ordinance (ECF No. 31), the Court denies the Oral Motion for Temporary Restraining Order as moot.


IT IS SO ORDERED.


July 28, 2017                                  /s/ Benita Y. Pearson
Date                                            Benita Y. Pearson
                                                United States District Judge

15