UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH PUND, *et al.* | ) | Case No. 16-CV-1076 |
| | ) | |
| Plaintiffs, | ) | Judge Benita Y. Pearson |
| | ) | |
| v. | ) | DEFENDANTS' BRIEF IN |
| | ) | OPPOSITION TO PLAINTIFFS' |
| CITY OF BEDFORD, OHIO, *et al.* | ) | SUPPLEMENTAL MOTION FOR |
| | ) | SUMMARY JUDGMENT |
| Defendants. | ) | |
| | ) | |

Now come Defendants, the City of Bedford ("Bedford"), Rob Brown and Richard Hickman, by and through undersigned counsel, and submit this Brief in Opposition to Plaintiffs' Supplemental Motion for Summary Judgment as Plaintiffs are not entitled to the total amount of restitution outlined in their Motion.[1]

## I. STATEMENT OF THE CASE

In Plaintiffs' Supplemental Motion for Summary Judgment [Doc #62], Plaintiffs reverse their previous position on restitution and now seek full restitution of the inspection fees collected by Bedford. Despite efforts to resolve the remaining issues in this case, Plaintiffs and Defendants remain at odds concerning the amount of restitution that Plaintiffs may recover. In recognition of this Court's ruling on Plaintiffs' Motion for Partial Summary Judgment [Doc. #50], Bedford is willing to pay restitution in the amount of $40,667 to the classes of Plaintiffs identified.

---

[1] Negotiations between Plaintiffs and Defendants have narrowed the issues, but have not resulted in complete agreement. The issue of Restitution to Class Members remains unsettled, as Defendants have offered payment of $40,667 and Plaintiffs demand $60,400. Defendants and Plaintiffs have agreed upon the timing of restitution: Payment of funds to a third-party administrator within 20 days of this Court's final order, and payment to Class Members within 45 days of the Court's final order. Additionally, Plaintiffs and Defendants mutually agree that stale payments to Class Members (not negotiated within six months after delivery) should be donated to charity – South East Clergy Meals on Wheels. Finally, the parties have not agreed upon payment of incentive awards to the named Plaintiffs.

1

The parties, however, have reached consensus on a number of issues in this case. Plaintiffs' Supplemental Motion identifies that the Classes consist of 563 members with a total of 1,208 qualifying inspections. Defendants take no issue with these numbers, leaving the issue of restitution remaining.

## II. LAW AND ARGUMENT

### A. Plaintiffs Are Not Entitled to Full Restitution from Bedford as Portions of Bedford's Inspections are Constitutional Exterior Inspections.

Plaintiffs previously conceded the constitutionality of Bedford's exterior inspections. In Plaintiffs' Memorandum in Reply [Doc. #47], Plaintiffs stipulated:

> (1) the treatment of all <u>exterior</u> portions of rental and point of sale inspections conducted under the original policies as constitutionally permissible; and (2) the Defendants' evidentiary claims that "Bedford building inspectors spend on average one-third of the inspection time doing a naked-eye inspection of the (exterior of) the property."

Plaintiffs now attempt to backtrack from this stipulation and argue Plaintiffs are entitled to full restitution.

Plaintiffs rely on "potentially-governing precedent" to support an award for full restitution. Plaintiffs' argument is founded upon *Collins v. Virginia*, 138 S. Ct. 1663, which concerns a search conducted by police in the curtilage of a home. Contrary to Plaintiffs' assertion, the Supreme Court's holding concerning searches in the curtilage are not similar to the exterior inspections conducted by Bedford in this case.

In *Collins*, the Supreme Court held that the automobile exception to the warrant requirement does not permit the warrantless entry onto the curtilage of a home in order to search a vehicle therein.[2] The case concerned a police officer's investigation of a stolen motorcycle. The officer saw something hidden under a tarp located near a house, and suspected it might be the

---

[2] *Collins,* 138 S. Ct. at 1673.

2

stolen vehicle. The officer walked up the driveway from the road, past the front lawn and the front perimeter of the house, and into a partially-enclosed portion of the driveway abutting the house in order to look beneath the tarp and found the motorcycle. The Supreme Court found that the officer's entry onto the curtilage to search the motorcycle without a warrant violated the Fourth Amendment as the "driveway was private, not public, property, and the motorcycle was parked in the portion of the driveway beyond where a neighbor would venture, in an area 'intimately linked to the home, . . . where privacy expectations are most heightened.'"[3]

Key to the Supreme Court's holding was that the officer actually entered into an area the Court believed was entitled to protection from the Fourth Amendment. "Law enforcement officers need not 'shield their eyes when passing by a home on public thoroughfares,' but the ability visually to observe an area protected by the Fourth Amendment does not give officers the green light *physically* to intrude on it."[4] The Court did not take issue with the officer's observation from the public street, but instead with the officer's physical invasion of the curtilage to remove the tarp and inspect the motorcycle's license plate.[5]

*Collins* is distinguished from this case as Bedford's inspectors do not invade the curtilage of homes to conduct exterior inspections of properties. Instead, the exterior inspections involve observation of such items that can be seen from the street, public sidewalks or adjoining properties with permission from that property owner.[6] The exterior inspection involves viewing a home to determine a variety of items - if the roof has holes or missing shingles, whether the home needs painting, whether the yard contains trash or debris, to determine if the sidewalk needs repair, or if

---

[3] *Collins* 138 S.Ct. at 1673, citing *California* v. *Ciraolo*, 476 U.S. 207, 213, 106 S. Ct. 1809, 90 L. Ed. 2d 210 (1986).
[4] *Id.,* quoting *Ciraolo*, 476 U.S. at 213, 106 S. Ct. 1809, 90 L. Ed. 2d 210 (emphasis added).
[5] *Id.*
[6] *See* Affidavit of Calvin E. Beverly, Jr., attached as Exhibit A.

3

unused cars are stored on the property.[7] The inspections do not indicate a need to walk into areas beyond where a neighbor – or any passerby – might venture.

*Collins* may affect precedent on this issue previously cited in Defendants' Brief Opposing Plaintiffs' Motion for Partial Summary Judgment (*Conrad v. City of Berea,* 243 F.Supp. 3d 896). *Collins* does not affect Bedford's underlying argument that its exterior inspections are constitutional, as Bedford's inspectors conduct exterior inspections of homes without invading the curtilage protected under *Collins*. Because Bedford constitutionally conducted these naked-eye inspections of the exterior of the properties, it should not be required to pay restitution of the full fee Plaintiffs paid for the point-of-sale or rental inspections. Instead, this Court should order restitution in the alternative amount of $40,667 requested by Plaintiffs and consistent with their prior stipulation.

B. **The Named Plaintiffs are not Entitled to Incentive Awards as a Matter of Law.**

Plaintiffs' Supplemental Motion requests this Court order payment of incentive awards of $1,000 to Plaintiff Kenneth Pund and $1,000 to Plaintiffs Scott and Stephanie Jowers, citing to a Sixth Circuit decision in support of such an award.[8] *In re: Southern Ohio Correctional Facility,* 24 F. App'x 520 (6th Cir. 2001) dealt with a court's approval of a class action settlement. Subsequent to the court's approval of the settlement, plaintiffs' counsel sought recovery of attorney fees, litigation expenses and an incentive award. Because the incentive awards were not part of the settlement agreement, the Sixth Circuit reversed the trial court's approval of the awards.[9]

---

[7] *See* Exhibits A-1 and A-2 attached to Affidavit of Calvin E. Beverly, Jr.
[8] *In re: S. Ohio Corr. Facility,* 24 F. App'x 520, 526-529 (6th Cir. 2001).
[9] *Id.* at 529.

4

"There is no clear law on incentive awards in the Sixth Circuit."[10] Unless there is a settlement agreement granting an incentive award to class representatives, there is no precedent establishing this Court's ability to order incentive awards. While Defendants have attempted to resolve issues – including some award to the named plaintiffs – no agreement has been reached. Accordingly, Plaintiffs are not entitled to an order from this Court granting them an incentive award.

### C. Defendants Agree to the Scheduling of Payments to Class Members

Plaintiffs' Supplemental Motion for Summary Judgment sets forth a timeline for the payment of restitution to the class members. As stated in footnote 1 above, Defendants have no issue with the timeline. Further, Defendants will retain the services of a third-party administrator, CAC Services Group, LLC (Eden Prairie, MN), to handle payment to the class members. Finally, Plaintiffs and Defendants have agreed that should class members not wish to receive payment or allow the payments to go stale after six months, the amount should be donated to charity. The parties suggest Southeast Clergy Meals on Wheels, which services Bedford and surrounding communities.

### III. CONCLUSION

Plaintiffs' argument for full restitution of fees paid for inspections relies upon a holding that is distinguishable from the subject case. Accordingly, this Court should order restitution to Plaintiffs in the amount of $40,667. Second, as the parties have not reached a settlement, this Court cannot order payment of an incentive award to the class representatives. Finally, restitution to Plaintiffs should proceed according to the agreed timeline outlined in the parties' briefs.

---

[10] *In re Unimprovident Corp. Derivative Litigation*, E.D.Tenn. No. 1:02-cv-386, 2010 U.S. Dist. LEXIS 4326, at *22 (Jan. 20, 2010), citing *Hadix v. Johnson,* 322 F.3d 895, 897 (6th Cir. 2003) ("This court has never explicitly passed judgment on the appropriateness of incentive awards.")

Respectfully submitted,

/s/ R. Eric Smearmsn
R. Eric Smearman (0062132)
Kallen L. Boyer (0093608)
**Smith Marshall, LLP**
7251 Engle Road, Suite 404
Middleburg Heights, Ohio 44130
(440) 243-4994   Fax: (440) 243-6598
E-mail: res@smithmarshall.com
kld@smithmarshall.com
Attorneys for Defendants,
City of Bedford, Ohio, Rob Brown and Richard Hickman

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of January, 2019 the foregoing Defendants' Brief in Opposition to Plaintiffs' Supplemental Motion for Summary Judgment was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing system.

/s/ R. Eric Smearman
R. Eric Smearman